IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AHMET SELIMANOVIC<br>PLAINTIFF, | § § § | |
| VS. | § § | CIVIL ACTION NO. 5:20-CV-1358 |
| GEORGIA MOTOR EXPRESS, INC., AND<br>CRISTIAN VERES,<br>DEFENDANTS | § § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW, CRISTIAN VERES and files this Notice of Removal, removing the State Court action described below to this federal court, and in support therefore respectfully shows the Court as follows:

### I.
### BASIS OF REMOVAL

1. This removal is filed pursuant to 28 U.S.C. §1332(a) in that Defendant asserts there is complete diversity between the parties thereby conferring federal question jurisdiction upon this Court. Defendant asserts the following facts and basis supporting removal, and in so doing expressly reserve all other questions for the purpose of future pleadings.

### II.
### FACTS SUPPORTING REMOVAL

2. Plaintiff Ahmet Selimanovic ("Plaintiff") filed this action on or about October 9, 2020 against Defendant Cristian Veres ("Veres") and Defendant Georgia Motor Express, Inc. ("Georgia Motor") in the 81st/218th Judicial District Court of Frio County, Texas, docketed under Cause No. 20-10-00277CVF (hereinafter referred to as the "State Court

Action").[1] Plaintiff's State Court Action arises from a motor vehicle accident that occurred on or about December 12, 2018 in Frio County, Texas, wherein Plaintiff alleges that he was struck by a tractor trailer driven by Veres. Plaintiff further alleges that Veres was in the course and scope of his employment with Georgia Motor and engaged in delivering a load for the use and benefit of Georgia Motor at the time of the subject accident. Plaintiff has asserted causes of action jointly and severally against Defendants including negligence, gross negligence, negligent hiring, entrustment, qualifications, training, operating, and supervision. *See* Exhibit B-1, Plaintiff's Original Petition, §V-VII.

3. Plaintiff alleges in his Original Petition that the damages he seeks to recover are over $1,000,000. *See Id.* §II at ¶2. Plaintiff's claims and allegations show that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. *Id.*

4. Plaintiff is, and was at the time the lawsuit was filed, an individual residing in Chicago, Cook County, Illinois. *See Id.* at §III at ¶1.

5. Removing Defendant Cristian Veres is, and was at the time the lawsuit was filed, an individual residing at 2779 Suttonwood Way, Gwinnett County, Buford, Georgia 30519. *See Id.* at §III at ¶3.

6. Defendant Georgia Motor Express, Inc. is, and was at the time the lawsuit was filed, a Georgia corporation with its principal office and place of business in Buford, Georgia with its principal office and place of business located at 2779 Suttonwood Way, Gwinnett County, Buford, Georgia 30519. *See Id.* at §III at ¶2. At the time of removal, Defendant

---

[1] A true and correct certified copy of the State Court's File, together with all process, pleadings, and orders in the State Court Action, are attached as Exhibits B and B-1 through B-6, respectively, to the Index of Matters Being Filed, which is being filed contemporaneously with this Notice of Removal.

Georgia Motor Express, Inc. has not been served with process.

7. Neither Defendants Georgia Motor Express, Inc. nor Veres are citizens of the State of Texas and do not have a residence, principal office and/or place of business in the State of Texas. *See Id.*, §III.

8. Defendant Veres was served with Plaintiff's Original Petition by service on Chair of the Texas Transportation Commission on October 30, 2020, thus this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which the removing Defendant was served with Plaintiff's Original Petition. *See* Exhibits B-1 and B-2, *see also,* Exhibit C.[2]

### III.
### CONSENT TO REMOVAL

9. All Defendants who have been properly served join in or consent to the removal of this case to federal court. 28 U.S.C. §1446(b)(2)(A); *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150-51 (11th Cir. 2009); *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004). All pleadings, process, orders and other filings in this state court action are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule 81. *See*, State Action, Exhibits B and B-1 through B-6. Additionally, Defendant has filed herewith a list of all counsel of record, including the addresses, telephone numbers and the parties represented, Ex. C.

### IV.
### LAW SUPPORTING REMOVAL

10. Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000). A

---

[2] *See* Designation of Counsel attached as Exhibit C to the Index of Matters Being Filed, which is being filed contemporaneously with this Notice of Removal.

corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). Plaintiff is a citizen of the State of Illinois and resides in Cook County, Illinois. As detailed above, Removing Defendant Cristian Veres is, and was at the time the lawsuit was filed, an individual residing at 2779 Suttonwood Way, Gwinnett County, Buford, Georgia 30519, and Defendant Georgia Motor Express, Inc. is, and was at the time the lawsuit was filed, a Georgia corporation with its principal office and place of business in Buford, Georgia with its principal office and place of business located at 2779 Suttonwood Way, Gwinnett County, Buford, Georgia 30519. *See* Exh. B-1 at §III at ¶2-3.

11. Removal is also proper as Plaintiff alleges in his Original Petition that the damages she seeks to recover are over $1,000,000. *See Id.,* §II at ¶2. " Under 28 U.S.C. § 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." Plaintiff's claims and allegations show that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs, required to support federal jurisdiction.

12. Defendant Veres was first served with the petition on October 30, 2020. Defendant Veres files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b), after having received information sufficient to determine that the case was removable and being served with the Plaintiff's Original Petition.

12. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claim allegedly occurred in this district.

13. Pursuant to 28 U.S.C. §1446 (a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

14. Pursuant to 28 U.S.C. §1446(d), promptly after Defendant Veres this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

13. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Frio County, promptly after Defendant Veres files this Notice.

14. Pursuant to 28 U.S.C. § 1441(a), the District and Division where this action is pending is the U.S. District Court for the Western District of Texas, San Antonio Division, and Defendant properly seeks to remove this action to this Court.

## V.
### NOTICE PROVIDED TO STATE COURT

15. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice to Plaintiff of this removal and file a copy of this Notice of Removal with the Clerk of the District Court of Frio County, Texas.

## VI.
### CONCLUSION

16. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because it is an action based on diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

## VII.
### PRAYER

WHEREFORE, Defendant CRISTIAN VERES hereby removes this action from the 81st/218th Judicial District Court of Frio County, Texas, docketed under Cause No. 20-10-00277CVF, to this Court.

        Respectfully submitted,

*Amanda E. Carollo*
_____
John A. Guerra
State Bar No. 08576180
Greg R. Hokenson
State Bar No. 24036794
Amanda E. Carollo
State Bar No. 24080882
BROCK ♦ GUERRA
STRANDMO DIMALINE JONES, P.C.
17339 Redland Road
San Antonio, Texas 78247
(210) 979-0100 Telephone
(210) 979-7810 Facsimile
jguerra@brock.law
ghokenson@brock.law
acarollo@brock.law

**ATTORNEYS FOR DEFENDANT CRISTIAN VERES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 24th day of November 2020:

Aaron L. Genthe
efile@genthelawfirm.com
12801 N. Central Expressway, Suite 260
Dallas, Texas 75243
Tel.: (214)957-0898
Fax: (469)788-7645

And

Fatima Hassan Salam
attorney@salampc.com
701 N. Central Expwy, Bldg. 2
Richardson, Texas 75080
Tel.: (972)437-1900
Fax: (972)437-2027
*Attorneys for Plaintiff*

*[signature: Amanda E. Carollo]*

JOHN A. GUERRA
GREG R. HOKENSON
AMANDA E. CAROLLO